73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald R. SCHROEDER, Plaintiff-Appellant,
v.
Howard POLK, et al., Defendants-Appellees.
 No. 94-3252.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 28, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Ronald Schroeder filed this civil rights action against a host of persons who were related, in some way, to an earlier suit Schroeder had prosecuted. The first suit ended in settlement: his former employer paid Schroeder $25,000 in connection with a claim for sexual harassment and retaliatory discharge. Schroeder signed a comprehensive release and the action was dismissed, only to be succeeded by this second action making similar claims, augmented by protests about what Schroeder sees as interference with his prosecution of the first suit.
 
 
 2
 The suit is frivolous, barred by claim preclusion (res judicata) among many other doctrines. See Homola v. McNamara, 59 F.3d 647 (7th Cir.1995). To get anywhere, Schroeder had to have the first judgment set aside. That step entails, at a minimum, the restitution of the $25,000 consideration Schroeder received. Fleming v. U.S. Postal Service, 27 F.3d 259 (7th Cir.1994). But he had not tendered it; he wants to keep the proceeds of the first case and try for more, which is impermissible.
 
 
 3
 Actually, the only substantial question on appeal is whether there is an appeal. The district court entered a final judgment on March 28, 1994. Schroeder did not file an appeal. Instead he asked the district court for more time to respond to defendants' motions. The district judge should have reminded Schroeder that the case was over; there was no pending motion to answer, the time to appeal had run, and the case was closed. Yet on May 27 the judge purported to "reopen" the case and give Schroeder more time. On July 22, 1994, the judge entered another final decision, from which Schroeder appealed. The judge did not identify any source of authority for this "reopening," and we are not aware of one. The time for appeal is 30 days, with an extension of another 30 allowed. A district judge lacks power to extend the time for appeal beyond that limit. After a case becomes final, the judge's only source of power is Fed.R.Civ.P. 60. The best we can make of this sequence is that the judge's order of May 27 indicated a willingness to entertain a Rule 60(b) motion, which the order of July 22 denied. Schroeder's appeal from the order of July 22 places before us only the question whether he was entitled to relief under Rule 60(b), to which the answer is no.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record